**Stephen J. WINTERS, Appellant,**

v.

**Joseph M. DEVECKA.**

No. 04–4639.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal Under
28 U.S.C. § 1915(e)(2)(B) April 7,
2005.

Decided May 12, 2005.

Stephen J. Winters, Waynesburg, PA, pro se.

Joseph M. Devecka, Law Offices of Joseph M. Devecka, State College, PA, pro se.

Before ROTH, BARRY and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Stephen Winters, currently an inmate at the State Correctional Institution in Waynesburg, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against Joseph Devecka, a private attorney who represented Winters in his state criminal proceedings relating to, *inter alia,* charges of cocaine possession. Winters sought damages and release from confinement for alleged constitutional violations with regard to Devecka's representation.

The Magistrate Judge found that because Devecka is not a state actor, Winters' constitutional claims necessarily fail. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Alternatively, the Magistrate Judge found that because success on Winters' claims would necessarily imply the invalidity of his criminal conviction in state court, his claims are premature. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Therefore, the Magistrate Judge recommended dismissing Win-

ters' complaint. Winters objected, contending, *inter alia,* that the Magistrate Judge was "biased" and sought to fix this case, and should have recused himself. The District Court agreed with the Magistrate Judge that because Devecka is not a state actor, Winters' § 1983 complaint fails to state a claim upon which relief can be granted. In addition, the court found that Winters' contention that the Magistrate Judge should have recused himself lacks merit. Accordingly, the District Court overruled Winters' objections, adopted the Report and Recommendation, and dismissed the complaint.

Winters timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Winters has been granted leave to proceed *in forma pauperis* on appeal. When an appellant proceeds *in forma pauperis,* this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). After a review of the record, we will dismiss this appeal as frivolous.

Winters cannot show that Devecka acted under the color of state law or that Devecka's actions are fairly attributable to the state. *See Dodson,* 454 U.S. at 325 (holding that a public defender does not act under the color of state law within the meaning of § 1983 when functioning as counsel to a defendant in a criminal proceeding). Therefore, the District Court properly dismissed Winters' complaint for failure to state a claim upon which relief can be granted.

In sum, because Winters' appeal lacks arguable merit, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).